**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal No. **3:13-CR-503-L** |
| | § | |
| **CHRISTOPHER MICHAEL BURGESS** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Christopher Michael Burgess's Motion to Withdraw Guilty Plea, filed November 5, 2015. After careful consideration of the motion, response, record, and applicable law, the court **denies** Defendant Christopher Michael Burgess's Motion to Withdraw Guilty Plea.[1]

**I.    Background**

On December 17, 2013, the grand jury indicted Defendant Christopher Michael Burgess ("Defendant" or "Burgess") for Possession of Prepubescent Child Pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B). With respect to this charge, Burgess signed a Plea Agreement on October 7, 2014, in which he admitted that his "plea of guilty is freely and voluntarily made and is not the result of force or threats, or a promises apart from those set forth in this plea agreement." Plea Agreement ¶ 9. He also signed a Factual Resume on October 7, 2014, in which he admitted that he committed the essential elements[2] for Count One of the Indictment, namely, Possession of Prepubescent Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On November 4,

---

[1] The court informed the parties that it would deny Defendant Christopher Michael Burgess's Motion to Withdraw Guilty Plea during a telephone conference on January 13, 2016. This opinion sets forth the basis for the denial.

[2] The essential elements are those factual matters that the government must prove by competent evidence beyond a reasonable doubt to obtain a conviction.

Memorandum Opinion and Order – Page 1

2014, Burgess pleaded guilty to Count One before the Honorable Irma Carrillo Ramirez, United States Magistrate Judge, and admitted in open court that he committed each of the essential elements of the offense set forth in Count One of the Indictment. Tr. of Rearraignment Hr'g 10-15. At the conclusion of the rearraignment hearing on November 4, 2014, Magistrate Judge Ramirez issued her Report and Recommendation ("Report") and found that Burgess's guilty plea "was knowledgeable and voluntary and that the offense[ ] charged is supported by an independent basis in fact containing each of the essential elements of such offense." Report 1. Magistrate Judge Ramirez also recommended that Burgess's guilty plea be accepted and that he be found guilty of the charge as set forth in the Indictment. Burgess had an opportunity to object to the Report; however, he filed no objections to it.

On November 20, 2014, the court accepted the Report and found Defendant guilty of Possession of Prepubescent Child Pornography. The court issued a sentencing scheduling order on November 20, 2014, and set the case for sentencing for April 20, 2015. Sentencing has been rescheduled on several occasions for various reasons and is now set for February 3, 2016. Burgess filed his motion to withdraw his guilty plea on November 5, 2015. The essence of the motion to withdraw is that Burgess contends he never wanted to plead guilty to Count One, that he has a defense to the charge, that his attorney at the Public Defender's Office gave him incorrect advice as to the disposition of his pending state charges, and that he was under the influence of psychotropic medication at the time he entered his plea of guilty. For all of these reasons, Burgess contends that his plea of guilty, from a legal standpoint, was not "knowing and voluntary."

The government opposes the motion to withdraw guilty plea. It contends that Burgess has not carried his burden and shown a fair and just reason to withdraw his plea.

**II.      Standard for Withdrawal of Guilty Plea**

Prior to sentencing, the court may use its discretion to grant a motion to withdraw a guilty plea if the defendant presents a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001). There is no absolute right to withdraw a guilty plea, and the defendant bears the burden of establishing a fair and just reason for withdrawal. *United States v. Brewster*, 137 F.3d 853, 857-58 (5th Cir. 1998). When ruling on the motion, the court should consider whether: (1) the defendant asserted his innocence; (2) withdrawal would prejudice the government; (3) the defendant delayed in filing the withdrawal motion; (4) withdrawal would inconvenience the court; (5) adequate assistance of counsel was available; (6) the plea was knowing and voluntary; and (7) withdrawal would waste judicial resources. *United States v. Mendoza-Mata*, 322 F.3d 829, 834 (5th Cir. 2003) (citing *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984)).

The court need not make a finding as to each *Carr* factor, as it is to make its determination based on the totality of the circumstances. *United States v. Powell*, 354 F.3d 362, 370-71 (5th Cir. 2003); *Brewster*, 137 F.3d at 858. Moreover, a defendant's assertion of conclusory allegations does not warrant withdrawal of a plea of guilty, at least where such allegations are clearly refuted by the record. *United States v. Bounds*, 943 F.2d 541, 543 (5th Cir. 1991).

**III.     Analysis**

    **A.     Knowing and Voluntary Plea of Guilty**

For a plea to be knowing and voluntary, a "defendant must be advised of and understand the consequences of the [guilty] plea." *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992) (citing *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). The consequences of a guilty plea, with respect to sentencing, "mean only that the defendant must know the maximum

prison term and fine for the offense charged." *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990) (citations and quotations omitted). Defendant Burgess was specifically made aware of the maximum term of imprisonment of twenty years and the maximum fine of $250,000. He informed the magistrate judge that he understood the range of penalties. The magistrate judge also inquired whether Burgess and his then-counsel had discussed the Sentencing Guidelines' range of punishment, and he answered that they had discussed the possible guideline range, that is, the sentence he could receive under the Sentencing Guidelines. Moreover, the magistrate judge informed Burgess of certain rights that he would lose (right to vote, right to serve on a jury, right to hold public office, and right to possess a firearm) if the court accepted his plea and adjudged him guilty of the felony to which he intended to plead guilty. Burgess stated that he understood that he would lose these rights.

Additional evidence in the record establishes that Burgess was aware of the consequences of his plea. The Plea Agreement he voluntarily signed correctly states the maximum statutory term of imprisonment and fine. *See* Plea Agreement 1-2. Prior to the magistrate judge accepting his plea, Burgess acknowledged that he realized what the possible punishment entailed if he entered a plea of guilty. In addition, he testified unequivocally that the facts set forth in the Factual Resume were true and correct. Moreover, Burgess confirmed his understanding that, by pleading guilty, he would be adjudged guilty of the offenses charged in the Count One of the Indictment and waive his right to appeal or otherwise challenge his sentence, except in the limited circumstances set forth in the Plea Agreement. Burgess made these acknowledgments under oath in open court, and each carries a strong presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Lampazianie*, 251 F.3d at 524.

Further, the magistrate judge asked whether the plea of guilty was voluntary and of Burgess's own free will, and whether Burgess was pleading guilty because he was in fact guilty. Burgess answered these questions "yes" under oath. The magistrate judge also inquired of Burgess whether anyone had threatened him or attempted to force him to plead guilty, and he answered "no." With respect to Burgess's plea, nothing comes even marginally close to establishing that Burgess's plea was "the product of . . . misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." *Blackledge*, 431 U.S. at 75.

Even after the court accepted Defendant's plea of guilty, he continued to acknowledge his guilt. On January 26, 2015, the probation officer for this case interviewed Defendant Burgess, and his attorney was present during the interview. During this interview, Burgess reaffirmed that the facts stipulated to in the Factual Resume are true and correct, and that he is guilty of Count One of the Indictment. Presentence Report ¶¶ 26, 42.

Defendant also contends that he was under psychotropic medication at the time he entered his guilty plea. This contention suggests that such medication affected Defendant's ability to understand the nature of his plea of guilty and its consequences. The record reflects that the medication Defendant was taking did not impair his ability to understand the proceedings.

In response to several questions by the magistrate judge, Burgess stated that the medication he was taking did not cause him in any way "to become confused or [to] not know what [he] was doing at any given time,"; that he did not believe that there was anything that might affect his ability to understand why he was present at the rearraignment hearing or what he was going to do at the hearing; and that he fully understood why he was at the hearing. Further, Burgess's attorney stated he had no reason to believe that Burgess was not fully competent to enter a plea of guilty.

Burgess at one point, appeared to have some concern because there are two related state charges against him, and he described his situation as a "dilemma." The magistrate judge asked Burgess whether he wanted to proceed with his Plea Agreement and whether he wanted more time to talk to Ms. Lauren Woods, the attorney who had signed off on the Plea Agreement. The magistrate judge asked this question because Mr. John Nicholson, an attorney with the Public Defender's Office, was filling in for Ms. Woods, who had a scheduling conflict. Burgess also stated that he had no objection to Mr. Nicholson representing him in place of Ms. Woods. Burgess stated that he wanted to move forward with the Plea Agreement and that the decision to move forward was a knowing and voluntary decision. Moreover, the court has read the entire transcript, and, given the manner in which Burgess answered the magistrate judge's questions, the court is convinced that he was fully aware of the nature of the hearing and the consequences of his plea, and, therefore, the court concludes that Burgess knowingly and voluntarily pleaded guilty to Count One of the Indictment.

Further, with respect to the taking of medication, the court fully acknowledges that Burgess has some mental health issues. Burgess, however, has been examined on two separate occasions by different health care professionals, and he was found to be competent. The court also held a hearing on September 17, 2014, regarding Burgess's competency and concluded, after reviewing all of the pertinent medical records and asking questions of Burgess and his counsel, that Burgess is able to understand the nature and consequences of the proceeding against him and that he can properly assist his attorney in preparing a defense to the charge against him in this case. *See* Court's Order 2 (Sept. 17, 2014).

Accordingly, for the reasons herein stated, this factor weighs against allowing Burgess to withdraw his plea of guilty.

**Memorandum Opinion and Order – Page 6**

### B.     Delay and Assertion of Innocence

As previously noted, Burgess's motion to withdraw was filed on November 5, 2015, one year and one day after he pleaded guilty before Magistrate Judge Ramirez. Burgess states that he informed his attorneys at the Federal Public Defender's Office on several occasions that he was innocent. The court seriously questions this assertion, as it is not logical for the attorneys to "silence" a client and allow him to acknowledge his guilt at three different stages—the plea negotiations and signing of the Plea Agreement, the rearraignment hearing, and Defendant's interview with the probation officer—in light of his strong protestations. This is especially true during the rearraignment hearing, as Magistrate Judge Ramirez specifically inquired whether Defendant desired to move forward with the Plea Agreement. On June 8, 2015, United States Magistrate Judge David L. Horan appointed Mr. Phillip C. Umphres to represent Defendant Burgess; this date was five months before Defendant filed his motion to withdraw his plea.

The "rationale for allowing a defendant to withdraw a guilty plea is to permit [him] to undo a plea that was unknowingly made at the time it was entered." *Carr*, 740 F.3d at 345 (citing *Everett v. United States*, 336 F.2d 979, 984 (D.C. Cir. 1964)). The purpose is not to enable a defendant "to make a *tactical decision* to enter a plea, *wait several weeks*, and then obtain a withdrawal if [he] believes that [he] made a bad choice in pleading guilty." *Id*. (emphasis added). The court in *Carr* found a defendant's motion to withdraw to be "not promptly filed" when the defendant filed a motion a mere 22 days after entering his guilty plea. *See Carr*, 740 F.2d at 345. Moreover, the court in *Brewster* denied a defendant's motion to withdraw his plea of guilty where the defendant sought to withdraw three months after his plea. *See Brewster*, 137 F.3d at 858. In this case, Burgess waited 366 days to move to withdraw his guilty plea. Based on the facts and applicable law, these two factors weigh against allowing Burgess to withdraw his guilty plea.

### C. Prejudice to the Government

Burgess asserts that no prejudice to the government would occur if the court were to allow him to withdraw his guilty plea. The court agrees. The government presented argument that it would be prejudiced if Burgess is allowed to withdraw his plea. The court disagrees. Although the government will be inconvenienced, it has not presented any evidence that it would be legally prejudiced in prosecuting this case, that is, that witnesses have disappeared or are no longer available, or that documentary evidence is no longer available. The court agrees with the government to the extent that it would need additional time if Burgess were allowed to withdraw his plea. Of course, this can readily be addressed by a continuance. In other words, the government could effectively prosecute this case and present it to a jury for determination. Accordingly, this factor weighs in favor of allowing Burgess to withdraw his guilty plea.

### D. Adequate Assistance of Counsel

The court has painstakingly reviewed the record. Based on its review of the record and the reasonable inferences that the court can draw, it is convinced that Burgess had close and adequate assistance of counsel. Specifically, at the rearraignment hearing, Magistrate Judge Ramirez asked Defendant whether he discussed the Plea Agreement with Ms. Woods and asked her any questions he had concerning it, and Defendant Burgess stated that he had done so. Moreover, Burgess told Magistrate Judge Ramirez that he had a full opportunity to talk to his attorneys and discuss his proposed plea of guilty, and stated that he was "fully satisfied with the representation and advice" that he had received from Mr. Nicholson and Ms. Woods. For all of these reasons, the court determines that Burgess had adequate and close assistance of counsel, and this factor weighs against allowing him to withdraw his plea of guilty.

### E. Substantial Inconvenience to the Court and Waste of Judicial Resources

With respect to whether the withdrawal of the guilty plea would substantially inconvenience the court or would waste judicial resources, it is axiomatic that additional time would be expended if the court were to allow Burgess to withdraw his guilty plea and allow the matter to proceed to trial. The court does not base this or any of its decisions on inconvenience or the amount of time it takes to decide constitutional issues and matters that relate to one's guilt or innocence, as it expends whatever time is necessary to reach a fair and just result. Accordingly, there is no substantive inconvenience to the court; and this factor weighs in favor of allowing Burgess to withdraw his plea of guilty.

With respect to whether a withdrawal of the guilty plea would waste judicial resources, the court determines that allowing a withdrawal of the plea would result in a waste of judicial resources because of the overwhelming strength of the factors that do not weigh in favor of allowing a withdrawal of the guilty plea. Accordingly, this factor weighs against allowing Defendant to withdraw his plea of guilty.

## IV. Conclusion

Of the seven factors considered by the court, five weigh against allowing Burgess to withdraw his guilty plea, and two weigh in favor of allowing Burgess to withdraw his guilty plea. For the reasons stated herein, the court **concludes** that the totality of circumstances does not establish a fair and just reason for allowing Burgess to withdraw his guilty plea. Accordingly, the court **denies** Defendant Christopher Michael Burgess's Motion to Withdraw Guilty Plea.

**It is so ordered** this 29th day of January, 2016.

                                                Sam A. Lindsay
                                                United States District Judge